IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EBRAHIM ADKINS,

Plaintiff,

Vs. No. 11-4109-SAC

KANSAS COMMISSION ON
JUDICIAL QUALIFICATIONS,

Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to review (Dk. 10) the magistrate judge's order (Dk. 7) that granted the plaintiff's motion for leave to proceed *in forma pauperis* (Dks. 2 and 6) and that denied the plaintiff's motion for appointment of counsel (Dk. 3). In this order, this court also will exercise its authority under 28 U.S.C. § 1915(e)(2) and screen the plaintiff's pleaded for frivolousness, failure to state a claim for relief, and immunity of the defendant.

**MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER (Dk. 10).**

The magistrate judge carefully reviewed the plaintiff's affidavit concluding that the plaintiff's financial situation justified granting his motion for leave to proceed *in forma pauperis*. (Dk. 7). The defendant moves for review of this order in that "[t]he magistrate judge did not screen the case for merit as is required by 28 U.S.C. § 1915(e)." (Dk. 11, p. 1). Specifically, the defendant complains that "[i]n granting *in forma pauperis*

status, the magistrate did not consider 28 U.S.C. § 1915(e)(2)'s factors, which is contrary to law." *Id*. at p. 5. Finally, the defendant suggests the magistrate judge assumed the role of advocate in informing the plaintiff that a person or entity had to be named in the caption of the complaint in order to be a party and that it was not enough to mention them in the body of the allegations.[1]

The court summarily denies the defendant's motion for review. The defendant cites no legal authority for its proposition that a magistrate judge in deciding a plaintiff's *in forma pauperis* ("*ifp*") request "is required" to screen a case for merit pursuant to § 1915(e)(2). Unlike § 1915A, the language of § 1915(e)(2) does not impose a duty to screen or review "before docketing" or "as soon as practicable."[2] Instead, "§ 1915(e)(2)(i) and (ii) require a court to dismiss a case filed by an *ifp* litigant at any time

---

[1]The logic in this contention utterly escapes the court, for the same argument could be made whenever a court makes a procedural ruling and offers the losing party the opportunity to correct the procedural deficiency by amendment.

[2]The operation and relationship between the two are explained in this quotation from *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.3 (3rd Cir. 2002) (internal quotation marks and citations omitted):

> "Section 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) [is] . . . applicable throughout the entire litigation process. Thus, the PLRA [Prison Litigation Reform Act] sets up a two-step dismissal process by which dismissal can occur early for the facially inadequate complaints pursuant to the screening statute or can occur later by either of the remaining provisions should it become apparent that the case satisfies [one of these] sections."

'the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." *Merryfield v. Jordan*, 584 F.3d 923, 926 n.3 (10th Cir. 2009). For non-prisoner *ifp* cases, like this one, a court's duty to dismiss arises with the determination that statutory grounds exist for dismissal, but § 1915(e)(2) does not establish when this determination must be made. The only time restriction is that dismissal must occur sometime after *ifp* has been granted. Otherwise, the statute permits a court to dismiss "at any time" this determination is made.[3] 28 U.S.C. § 1915(e)(2). The defendant cites no authority that requires a court to consider § 1915(e)(2) as factors on a non-prisoner litigant's *ifp* request. In sum, the defendant's motion is devoid of legal merit in arguing that the magistrate judge acted contrary to the law in granting *ifp* without simultaneously making a § 1915(e)(2) determination.[4]

**Section 1915(e)(2)(B) Determination**

By the terms of this statute, the court will make an initial determination of whether the plaintiff's pleaded action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

---

[3]"In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings." *Marsh v. Department of Children and Families*, 2006 WL 2474019 at *4 (M.D. Fla. 2006), *aff'd in part and dismissed in part*, 259 Fed. Appx. 201 (11th Cir. 2007).

[4]Of course, there is nothing to prevent the defendant from exercising its right to file a timely motion to dismiss pursuant to Fed. R. Civ. P. 12.

monetary relief against a defendant who is immune from such relief." A court liberally construes a *pro se* complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court employs the same standard for dismissal under § 1915(e)(2)(B)(ii) as that used for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Further, a suit "is frivolous where it lacks an arguable basis either in law or fact" or is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (quotation omitted). The court accepts all well-pleaded allegations in the complaint as true and considers them in the light most favorable to the non-movant. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. Having reviewed the plaintiff's filed complaint, the court finds it is subject to dismissal for the following reasons.

The plaintiff's caption names as the only defendant the Kansas Commission on Judicial Qualifications ("KCJQ"). Alleging that he filed three complaints with the KCJQ, the plaintiff fails to identify any of the relevant dates to these filings, and he further fails to describe plainly the nature and substance of his filings. The plaintiff does attach the KCJQ letters he received that explained the KCJQ's authority was limited to investigating unethical judicial conduct and its jurisdiction did not include reviewing legal issues or matters involving judicial discretion for which appellate review lies with higher courts. Nonetheless, the plaintiff seeks relief under 42 U.S.C. § 1983 claiming the KCJQ "condoned the Butler County District Court,

Wyandotte County Municipal Court and Kansas Supreme Court" in denying him appellate review (count one), indigent relief on appeal (count two), and appellate counsel (count three). (Dk. 1, pp. 4, 6, and 7). He further claims KCJQ "condoned the Wyandotte County Municipal Court" in denying him (count four) the "filing of my documents" and the Butler County District Court in "actions regarding summary judgment." *Id*. at 8. On count one, the plaintiff summarily claims the denial of his First Amendment right and the retaliatory denial of his constitutional right of access to the courts. On count two, he summarily claims the denial of his Fifth Amendment right and the right of access to courts. On count three, he claims the denial of his Sixth Amendment right to counsel. On count four, he claims the denial of his Fourteenth Amendment right of access to the courts.

It does appear that the plaintiff's complaints to KCJQ related to the state courts' handling of his criminal convictions. Under count one, he asserts "a constitutional right to withdraw pleas and appeal my convictions and habeas petitions." (Dk. 1, p. 5). Under count three, he refers to "indigent criminal appeals." *Id*. at 8. In asserting he was denied due process and the panoply of other rights for purposes of challenging his convictions, the plaintiff's § 1983 claims are barred under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court in *Heck* held that "where success in a prisoner's § 1983 damages action would implicitly

question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Thus, to the extent that the plaintiff is asserting claims based on the denial of due process and other rights in challenges to his convictions, these claims implicitly question the validity of his convictions. Because the plaintiff does not allege that any of his convictions were vacated, his claims are barred under *Heck*.

The plaintiff's entitles his complaint as seeking a writ of mandamus against the KCJQ. A federal district's mandamus authority extends only to federal officials. *See* 28 U.S.C. § 1361 ("The district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); *see also Amisub (PSL), Inc. v. State of Colo. Dep't of Social Services*, 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361."), *cert. denied*, 496 U.S. 935 (1990); *Sockey v. Gray*, 159 Fed. Appx. 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."). The plaintiff's complaint seeks relief outside the court's mandamus authority, and all such claims are

subject to dismissal.

The capacity of a party to be sued in federal court is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b). It is well-established law in Kansas that subdivisions, agencies, or departments of governmental entities lack the capacity to sue or be sued unless a statute provides otherwise. *See Hopkins v. State*, 237 Kan. 601, 702 P.2d 311, 316 (1985) ("There is a line of Kansas cases which holds that subordinate government agencies do not have the capacity to sue or be sued in the absence of statute."). The plaintiff's complaint does not cite a statute, nor has the court found one, that provides the KCJQ with the capacity to be sued under circumstances as here. Thus, the plaintiff may not bring an action against the named defendant.

In his response to the motion to review, the plaintiff seeks to add the individual members of the KCJQ in their official and individual capacities. For purposes of this order, the court will treat these individuals as named defendants in this action. The claims against the commissioners in their official capacities are claims against the State of Kansas. *See Moore v. Board of County Com'rs of County of Leavenworth*, 507 F.3d 1257, 1258 (10th Cir. 2007). The Eleventh Amendment provides an immunity from federal suits against state agencies for damages and other forms of relief. *Federal Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765

(2002). This includes federal suits against state officers in their official capacities, *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003),[5] but the Eleventh Amendment does not bar such official capacity suits that seek only prospective relief, *Chamber of Commerce v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010). The court does not find any genuinely cognizable claim for prospective relief. The plaintiff's pleading fails to specify the requested form of declaratory relief, and whatever is requested appears to address only liability for past acts that will not recur. *Ysais v. New Mexico*, 373 Fed. Appx. 863, 866, 2010 WL 1511403 (10th Cir.), *cert. denied*, 131 S. Ct. 88 (2010). The plaintiff pleads as injunctive relief that his complaints filed with KCJQ "be reversed and all relief requested be granted." (Dk. 1, p. 14). As mentioned above, the plaintiff does not allege the substance and nature of these filed complaints, but they presumably parallel his claims here on being denied appellate review, indigent relief on appeal and appellate counsel and on being subjected to filing restrictions and a summary judgment ruling.[6] All such

---

[5]Moreover, "in *Will v. Mich. Dep't of State Police*, the Supreme Court held that, in suits for damages, 'neither a State nor its officials acting in their official capacities are "persons" under § 1983.' 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)." *Ross v. The Board of Regents of The University of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 2010).

[6]To the extent that Plaintiff's claims for prospective relief are premised on his rights furnished under state law, they are not cognizable under § 1983. *Jones v. City and Cnty. of Denver, Colo.*, 854 F.2d 1206, 1209 (10th

claims challenge the particular court's exercise of discretionary judgment in deciding issues ordinarily reviewed by appellate courts. These are not matters over which the Commission appears to have jurisdiction to grant any such requested relief.[7] Thus, this court would have no legal basis for granting this relief. In short, the court finds no authentic claim for prospective relief against the individual members in their official capacity.

Suits seeking damages from state officials in their individual capacities are not barred by the Eleventh Amendment, *Cornforth v. University of Oklahoma Bd. of Regents*, 263 F.3d 1129, 1132-33 (10th Cir.

---

Cir.1988).

[7]The KCJQ's limited function and purpose is the investigation and adjudication of ethical complaints against judges as hereby confirmed by this recent Tenth Circuit decision:

> "The Commission, also established by the Kansas Supreme Court, is charged with investigating allegations against judges and candidates, and recommending disciplinary action when necessary. See Kan. Sup.Ct. R. 602-21. Its 14 members are appointed by the Supreme Court and consist of a mix of judges, lawyers, and nonlawyers. Anyone may submit a complaint regarding the conduct of a judge or candidate to the Commission, with the majority of complaints coming from the general public. Each complaint received by the Commission is assigned to a seven-member panel for investigation. If the investigatory panel finds probable cause of a violation of the Code, it refers the matter to a seven-member hearing panel for a trial-like proceeding. There is no direct appeal of the investigatory panel's decision."

*Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1112 (10th Cir. 2008). Plainly, the KCJQ does not exercise appellate jurisdiction, did not "condone" the courts' rulings challenged in the plaintiff's pleading, and does not have the jurisdiction to grant the substantive legal relief sought in his underlying criminal actions.

2001), *cert. denied*, 534 U.S. 1162 (2002), and such state actors can be deemed "persons" under § 1983, *Hafer v. Melo*, 502 U.S. 21, 23 (1991). Nonetheless, absolute quasi-judicial immunity would necessarily cover the individual members who serve in this quasi-judicial body that presides over the proceedings involved in receiving, considering and adjudicating disciplinary complaints. *See, e.g.*, *McKeown v. N.Y. State Com'n on Judicial Conduct*, 377 Fed. Appx. 121, 124 (2nd Cir. 2010) (citing *see also Anonymous v. Ass'n of the Bar of N.Y.*, 515 F.2d 427, 433 (2d Cir. 1975) ("observing that New York State courts regard disciplinary proceedings as 'judicial proceeding[s]' and determining that the state bar association's grievance committee acted as a quasi-judicial body and an arm of the Appellate Division"). "[T]he decisions of the OCA [Office of Court Administration] attorneys not to initiate disciplinary proceedings against McQuade and Streng are protected by the doctrine of quasi-judicial immunity."), *cert. denied*, 423 U.S. 863 (1975)); *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir.) (members of the state civil rights commission that was a "quasi-judicial adjudicatory" "acted in a functionally adjudicatory capacity when they determined that they lacked jurisdiction to review and consider her complaint."), *cert. denied*, 528 U.S. 952 (1999); *Parent v. New York*, ---F. Supp. 2d---, 2011 WL 2020767 (judicial immunity bars claims against state grievance committee and its members); *Lampton v. Diaz*, 2010

WL 1873091 at *12 (S.D. Miss. 2010) (Mississippi Commission on Judicial Performance is "an integral part of the judicial process," and "is sufficiently judicial in nature to warrant absolute immunity.")[8] There is nothing in the plaintiff's pleading to suggest he can overcome this absolute quasi-judicial immunity.

The KCJQ letters attached to the plaintiff's pleading show his complaints to the KCJQ were considered and closed because they did not contain "facts evidencing judicial misconduct as defined in the Code of

---

[8]The court in *Lampton* noted the following in an accompanying footnote:

> "Although there is scant case law on quasi-judicial immunity for judicial ethics commissions, the U.S. Supreme Court and the Fifth Circuit have repeatedly held that state bar disciplinary committees have an "essentially judicial nature." *See, e.g., Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 n. 13, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (abstaining from review of committee's decision); *Carr v. Calogero*, 987 F.2d 772, No. 92–3384, 1993 WL 67171, at *1 (5th Cir. Mar.4, 1993) (unpublished table decision) (citing *Slavin v. Curry*, 574 F.2d 1256, 1266 (5th Cir. 1978)) (affirming dismissal of suit against members of Louisiana bar association disciplinary board based on absolute immunity). Moreover, a pair of decisions from other jurisdictions have applied quasi-judicial immunity to state judicial ethics commissions. *See Dobronski v. Arizona*, 128 F. App'x 608, 609 (9th Cir. 2005) (affirming dismissal of individual capacity claims against members of the Arizona Commission on Judicial Conduct based on quasi-judicial immunity); *Salman v. State of Nev. Comm'n on Judicial Discipline*, 104 F.Supp.2d 1262, 1268 (D. Nev. 2000) (holding that individual-capacity claims against members and employees of state commission on judicial discipline are barred by absolute quasi-judicial immunity).

*Lampton v. Diaz*, 2010 WL 1873091, at *12 (S.D. Miss. 2010), *aff'd on other grounds*, 639 F.3d 223 (5th Cir. 2011).

Judicial Conduct." (Dk. 1-1, pp. 2, 3). In short, the plaintiff brings this action based on what KCJQ did in these letters, that is, it denied his complaints because they were procedurally and legally deficient in not alleging facts that evidenced judicial misconduct. This is not an allegation of a constitutional violation, for the plaintiff has no constitutional right to have the judges investigated. *See Nelson v. Skehan*, 386 Fed. Appx. 783, 786 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 912 (2011); *cf. Ellibee v. Hazlett*, 122 Fed. Appx. 932, 934, 2004 WL 2850097 at * 1 (10th Cir. 2004) (individual lacks standing to bring a civil action against the state officer "charged with the investigation and resolution of attorney disciplinary complaints."), *cert. denied*, 544 U.S. 1040 (2005).

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556). "[B]are assertions" consisting of "nothing more than a 'formulaic recitation of a constitutional . . . claim," however, "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 552, 129 S.Ct. 1937, 1951 (2009) ( citing *Twombly*, 550 U.S. at 554-555). The plaintiff's pleading is replete with bare assertions, conclusory allegations, and legal citations, all of which fail to offer "a short and plain statement of the claim showing that . . . [he] is

entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, the allegations of the complaint, however true, do not raise a claim of entitlement to relief against the named defendant or its individual members in either their official or individual capacities.

As set out above, the plaintiff's complaint utterly fails to state a cognizable claim for relief. Additionally, the plaintiff's claims are plainly barred on Eleventh Amendment immunity and quasi-judicial absolute immunity. The court hereby orders the plaintiff to show cause why the court should not dismiss the plaintiff's action. The plaintiff will have thirty days from the filing date of this order to file with the court an amended complaint **and** a separate memorandum that address and/or cure each of the legal and factual deficiencies addressed in this screening order.

IT IS THEREFORE ORDERED that the defendant's motion to review (Dk. 10) the magistrate judge's order (Dk. 7) is summarily denied;

IT IS FURTHER ORDERED that the plaintiff is granted thirty days from the filing date of this order to file an amended complaint **and** a separate memorandum that shows cause why his action should not be dismissed for failure to state a claim for relief, for being frivolous, or for seeking monetary relief against a defendant who is immune from such relief.

Dated this 20th day of October, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge