IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EBRAHIM ADKINS,

                Plaintiff,

Vs.                                                  No. 11-4109-SAC

KANSAS COMMISSION ON
JUDICIAL QUALIFICATIONS,

                Defendant.

MEMORANDUM AND ORDER

        The court screened Mr. Adkins' *pro se* complaint and filed its order on October 20, 2011, requiring the plaintiff to show cause why his civil rights complaint should not be dismissed for failure to state a claim for relief, for being frivolous, or for seeking monetary relief against a defendant who is immune from such relief.  (Dk. 15).  In particular, the court found the plaintiff's complaint to consist largely of "bare assertions, conclusory allegations, and legal citations, all of which fail to offer 'a short and plain statement of the claim showing that . . . [he] is entitled to relief.' Fed. R. Civ. P. 8(a)(2)."  *Id.* at 13-14.  The court concluded that the complaint did not clear several legal hurdles for stating a claim of relief against the Kansas Commission on Judicial Qualifications ("KCJQ") or its individual members in their official and individual capacities.  *Id.* at 14.

        The plaintiff timely filed his response, but it does not cure the deficiencies discussed in the court's show cause order.  The plaintiff cites

several decisions as holding that a federal district may assert mandamus authority over state officials, but none of the cited cases actually holds this. The court lacks jurisdiction to grant this writ against state officials. The plaintiff continues to offer no cognizable claim for prospective relief, as the KCJQ is not a governmental or judicial body with the authority to grant the relief that Mr. Adkins apparently requested in his KCJQ complaints. Quasi-judicial immunity bars his damage claim against the KCJQ and its members in their individual capacities. Nor can he obtain such relief for rights allegedly denied in the state criminal proceedings because these claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). His general claim of a liberty interest arising from state regulatory measures fails to overcome the established precedent that a private party who files an individual complaint seeking disciplinary action lacks standing to sue the governmental officials charged with investigating and resolving disciplinary complaints. *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993). For these reasons and those explained in its prior order, the court dismisses the plaintiff's complaint, because it fails to state a claim for relief, is barred by Eleventh Amendment immunity, quasi-judicial immunity and *Heck*, and is frivolous for the plaintiff lacks standing.

IT IS THEREFORE ORDERED that the plaintiff's complaint (Dk. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 4th day of November, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge